# IN THE COURT OF APPEALS OF IOWA

No. 17-1450
Filed June 6, 2018

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**LORAN MARTIN CRAIG,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

 Loran Craig appeals the convictions entered following his guilty pleas to second-offense possession of a controlled substance and driving while barred. **AFFIRMED.**

 Seth J. Harrington of Harrington Law LC, Urbandale, for appellant.

 Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

 Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

In March 2017, Loran Craig was charged by trial information with driving while barred. In May, Craig was charged by trial information with possession of a controlled substance (marijuana), third or subsequent offense, as a habitual offender. In August, pursuant to a plea agreement, Craig filed petitions to plead guilty to both charges. Under the plea agreement, Craig agreed to plead guilty to the driving-while-barred charge and a lesser-included offense of second-offense possession of a controlled substance, without the habitual-offender enhancement. The agreement contemplated Craig being sentenced to two years of incarceration on each charge, to be served concurrently. As to the possession charge, Craig admitted in his petition that he "was previously convicted of possession of ecstasy on 11/13/08." The district court accepted the pleas. The court sentenced Craig in accordance with the terms of the parties' plea agreement.

Craig appeals, contending his counsel was ineffective in allowing him to plead guilty without fully investigating his criminal history and using the deficiencies in the State's understanding of his criminal history in plea bargaining. We review ineffective-assistance-of-counsel claims de novo. *State v. Henderson*, 908 N.W.2d 868, 874 (Iowa 2018). Craig must establish (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

Craig specifically contends on appeal that he was in federal custody "from July of 1993 to February of 2008" and he therefore "could not possibly have been convicted of" one of the previous controlled-substance violations listed in the trial information,[1] specifically the conviction entered in October 1998. He further states "he was not the perpetrator in" the case in which a conviction was entered in January 2017. However, neither of these convictions were under the district court's consideration when it was deciding to accept Craig's guilty plea to second-offense possession of a controlled substance. The only prior conviction the court considered in accepting Craig's plea was the one from November 2008, which Craig expressly stipulated to in his plea agreement and does not challenge on appeal. Even if we were to assume counsel failed to adequately investigate the details concerning the alleged convictions in October 1998 and January 2017, such failure would be of no consequence because neither conviction had any bearing on the factual basis underlying Craig's guilty plea. Craig also claims that if counsel had challenged one or two of the prior convictions, he would have been in a more favorable negotiating position. His counsel negotiated an alleged fifteen-year (with a three-year minimum) habitual-offender sentencing enhancement down to a two-year sentence with no minimum, to run concurrently with a two-year sentence in the driving-while-barred case. It is hard to imagine a more favorable

---

[1] To support the original third-or-subsequent-offense possession charge, the State alleged in its trial information that Craig was previously convicted of two counts of possession of a controlled substance with intent to deliver, in May 1993 and October 1998, respectively; and two counts of possession of a controlled substance, in November 2008 and January 2017, respectively.

outcome.  We find Craig has suffered no prejudice, and we affirm his convictions without further opinion pursuant to Iowa Court Rule 21.26(1)(e).

**AFFIRMED.**